IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHNATHAN D. WISHNESKI,

        Plaintiff,

v.                                            No. CIV 13-0269 JH/LFG

CORRECTIONS CORP. OF AMERICA,
CAPTAIN MORENO, SGT. CASTILLO,
SGT. RIVERA, OFFICER BENCOMO,
DR. KAREN KIRST, MENTAL HEALTH
COORDINATOR M. BACA, DR. P. KELLY,
SGT. MILLER, OFFICER RODRIGUEZ, AND
WARDEN T. MORGAN,

        Defendants.

MEMORANDUM OPINION AND ORDER

        This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff Wishneski's Civil Rights Complaint. Plaintiff, who is incarcerated and appears *pro se*, originally filed his complaint in state court. The Defendants removed the case to this Court and paid the filing fee. Plaintiff was granted free process in the state proceeding (Doc. 3-1, p. 4). Also before the Court are a Motion to Dismiss (Doc. 6), filed by the removing Defendants, and Plaintiff's Motion to Order Whereabouts for Service (Doc. 7). For the reasons below, the Court will dismiss Wishneski's complaint.

        The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human*

*Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Wishneski's pro se complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff, while in the custody of the U.S. Marshals Service, was temporarily housed at the Torrance County, New Mexico, Detention Facility ("TCDF"). TCDF is owned and operated by Corrections Corporation of America ("CCA"), under contract to the U.S. Marshals Service. *See* http://www.cca.com/facility/torrance-county-detention-facility/. Plaintiff asserts in eleven counts that during his stay at TCDF, employees of CCA violated a number of his constitutional protections. Specifically, he alleges that Defendants placed him in a cell with no running water, denied him his prescribed medications, kept him in unsanitary conditions, denied him a shower and shave before a court appearance (thereby interfering with his access to the courts), failed to protect him from injury, retaliated against him, and made false disciplinary charges against him. He contends that these actions violated his rights under the Eighth and Fourteenth Amendments. The complaint seeks damages and injunctive relief.

Plaintiff filed his civil rights complaint in state court. The Defendants who were served removed the action to this Court and then moved to dismiss the complaint. In their motion to dismiss, among other grounds Defendants assert that they were not acting under color of state law for purposes of 42 U.S.C. § 1983. TCDF is a private facility under contract with the U.S. Marshals Service, and thus its employees act under federal law. Plaintiff, therefore, must bring his constitutional claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), instead of § 1983. As a result, according to Defendants, Plaintiff may not hold

2

liable either the private corporate owner-operator of the facility or its employees for alleged constitutional violations while he was confined there.

Defendants' position conforms to pertinent judicial opinion. In 2005, the Court of Appeals for the Tenth Circuit stated, "[T]here is no implied private right of action for damages under *Bivens* against employees of a private prison for alleged constitutional deprivations when alternative state or federal causes of action for damages are available to the plaintiff." *Peoples v. CCA Det. Ctrs*, 422 F.3d 1090, 1101 (10th Cir. 2005), *aff'd in relevant part by an equally divided court on reh'g en banc*, 449 F.3d 1097, 1099 (10th Cir. 2006). And as the Supreme Court ruled in 2012,

> [W]here, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

*Minneci v. Pollard*, 132 S. Ct. 617, 626 (2012); *and see Crosby v. Martin*, 502 F. App'x 733, 735 (10th Cir. 2012). Likewise, no remedy is available under *Bivens* against CCA, the corporate entity that owns and operates the facility. *See Ramsey v. Citibank*, 475 F. App'x 711, 713 (10th Cir. 2012) ("a *Bivens* theory will not lie against corporate entities.") (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70-71 (2001)).

Plaintiff clearly has state tort remedies available against these private parties, *see Minneci v. Pollard*, 132 S. Ct. at 626; *Peoples v. CCA Detention Ctrs*, 449 F.3d at 1099, and the Court will dismiss his civil rights complaint with prejudice. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from [bringing tort claims] in state court"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 215-217 (2007).

3

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. 6) is GRANTED, Plaintiff's Civil Rights Complaint is DISMISSED with prejudice, other pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE